SHORES, Justice.
This is an appeal from a judgment entered on a jury verdict for the defendant in an ejectment action. We affirm.
On May 18, 1970, Curl Concrete Company, Inc. (lessor), entered into a lease agreement with Kyle, Inc. (lessee), under which the premises involved here were leased for a period of ten years at $750.00 per month. The lease gave the lessee an option to renew for an additional ten years at $300 per month. It also allowed the lessee to assign the lease with the consent of the lessor.
At the end of the first term in 1980, the lease was renewed, with timely notice to the lessor. In 1983, the lessor executed a consent to assignment of the lease, which reads:
“Curl Concrete Company, Inc., as lessor, hereby consents to the assignment of its lease dated May 18, 1970, with *618 Cement Products Corporation (formerly Kyle Incorporated), to Sherman Industries, Inc'.
“Consequent to said assignment, Curl Concrete Company, Inc., agrees to look solely to Sherman Industries, Inc., for the performance of all of the duties and obligations of lessee under said lease.
“Dated this 17th day of June, 1983, at Birmingham, Alabama.
“CURL CONCRETE COMPANY, INC.
“By: L.D. Curl, President”
Sherman Industries, Inc., went into possession of the premises and paid $750 to the lessor for ten months, although the lease agreement provided for payments of $300 per month in the second ten-year term. On April 24, 1984, Sherman sent the following letter to the lessor:
“Mr. L.D. Curl
“Route 10, Box 270
“Gadsden, Alabama 35901
“Re: Glencoe Plant Lease Agreement
“Dear Mr. Curl:
“In checking our records, we find that since July 1983, we have inadvertently paid you $750.00 per month rather than the $300.00 per month called for under the above lease agreement. To date we have overpaid you the sum of $4,500.00. “I have talked with A1 Harris and also representatives of Hydroconduit to determine whether or not there is any justification for the overpayment since none of the documents reflect that it should have been made. I am advised that Hydrocon-duit inadvertently overpaid you and when we took over the lease, we simply continued paying what Hydroconduit had paid in the past.
“To correct this error, we will not make any further lease payments for a period of 15 months. Your next lease payment in the amount of $300.00 will be paid on August 1, 1985 and monthly thereafter throughout the remaining term of the lease.
“Yours very truly,
“SHERMAN INDUSTRIES, INC.
‘7s/ William O’Neal Whitt, Jr. “Vice President/
“General Counsel”
Thereupon the lessor brought this action, seeking to eject Sherman and regain possession of the premises. Sherman filed a counterclaim, seeking a determination that it had a right to retain possession as as-signee of the lease at $300 per month, according to its terms. The jury resolved the issues in favor of Sherman, and the lessor appealed.
The lessor argues that the trial court erred in not directing a verdict in its favor and in not granting its motion for judgment notwithstanding the verdict. We disagree and affirm.
The thrust of the lessor’s argument is that there was no evidence of its consent to the assignment of the lease. This argument is made in the face of the written consent, which it signed and which was in evidence. It argues that there was no evidence of an assignment from Kyle, Incorporated, to Cement Products Corporation, which the written consent names as the lessee. There is no merit to this argument. The evidence established that each was a division of the same corporation. At most, a jury issue was made as to the fact of an assignment of the lease, and this issue was resolved against the lessor. We have carefully read the entire record, and we are convinced that the evidence supports the jury’s verdict. Therefore, we affirm the judgment of the trial court. Coleman v. Steel City Crane Rentals, Inc., 475 So.2d 498 (Ala.1985); Mahoney v. Forstman, 437 So.2d 1030 (Ala.1983); Jackie Fine Arts, Inc. v. Berkowitz, 448 So.2d 318 (Ala.1984).
We have carefully considered all of the issues raised by appellant and find none to require a reversal.
AFFIRMED.
TORBERT, C.J., and JONES, ADAMS and STEAGALL, JJ., concur.